# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| HECTOR RODRIGUEZ-MUNOZ, ) <br> ) <br> Movant, ) <br> ) <br> vs. ) <br> ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) | Civil No. 09-00401-CV-W-FJG <br> Crim. No. 08-00074-01-CR-W-FJG |

## ORDER

Currently pending before the Court is Rodriquez-Munoz's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (Doc. #1), filed May 26, 2009. The Court finds that it has jurisdiction over this matter.

## I. BACKGROUND

Rodriquez-Munoz was charged by indictment on March 11, 2008 with one count of aggravated illegal reentry, in violation of 8 U.S.C. § 1326(a) and (b)(2) based on a prior criminal conviction for conspiring to distribute drugs in the United States. On June 9, 2008, Rodriquez-Munoz pleaded guilty to the charged offense without a written plea agreement. On October 2, 2008, this Court sentenced Rodriquez-Munoz to 27 months imprisonment. Rodriquez-Munoz did not appeal but now challenges his conviction and sentence through a motion pursuant to 28 U.S.C. § 2255.

## II. STANDARD

28 U.S.C. § 2255 provides, in part:

A prisoner in custody under sentence of a court established by Act

of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

The district court must hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. "Accordingly, a claim may be dismissed without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994) (citing Larson v. United States, 905 F.2d 218, 220-21 (8th Cir. 1990), cert. denied, 507 U.S. 919, 113 S.Ct. 1278, 122 L.Ed.2d 672 (1993)).

### III. DISCUSSION

Rodriquez-Munoz raises four claims in his Motion: 1) Ineffective Assistance of Counsel; 2) Violation of Equal Rights; 3) Double Jeopardy and 4) Prior Invalid Sentence. However, before the Court can address the issues raised, the Court must first consider the issue of mootness. Rodriquez-Munoz was sentenced on October 2, 2008 to twenty-seven months in prison. The Federal Bureau of Prisons Inmate Locator website indicates that Rodriquez-Munoz was released on February 19, 2010 and the Probation Office confirms that he was deported on that date.

28 U.S.C. § 2255 states that a motion may be filed by "[a] prisoner in custody." In Georges v. United States, No. 4:07CV01463ERW, 2008 WL 2020205 (E.D.Mo. May 8, 2008), the Court explained:

> The Supreme Court in Spencer v. Kemna, [523 U.S. 1,7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998)], held that a petition for habeas relief is not

2

automatically mooted as a result of the petitioner's release, as long as the petitioner was in custody at the time his petition was filed. . . . The Supreme Court focused its analysis on whether the case was moot because it no longer presented a case or controversy redressable by a favorable judicial decision; the Supreme Court applied the standard mootness analysis. . . . The Supreme Court held that '[a]n incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole-some 'collateral consequence' of the conviction-must exist if the suit is to be maintained.

Id. at *1 (internal citations omitted). In the instant case, Rodriquez-Munoz did file his § 2255 petition while he was in custody, but as noted above, he has recently been released and has now been deported. In Wing Lee Woo v. United States, Civil Action No. CV-00-2389DGT, 2007 WL 3034210 (E.D.N.Y. Oct. 15, 2007), the Court stated:

Most courts that have addressed the question of whether deported non-citizens are exposed to continuing adverse collateral consequences have held that, as a matter of law, they are not. . . . The reasoning behind these courts' holdings that deported non-citizens are not subject to collateral consequences is that only United States citizens, residents and persons interested in residing in this country stand to suffer from the types of deprivations recognized as adverse collateral consequences, such as the inability to vote or to serve as a juror. . . . It is important to note that those courts which have disagreed with this rationale have done so in cases where adverse collateral consequences may have arisen from a deported alien's possible re-entry into the United States or where the movant's removal itself was the source of such consequences.

Id. at *4 (internal citations omitted). In that case, the Court found that the plaintiff would not suffer any continuing collateral consequences as he had not indicated any desire to return to the United States, he had not communicated with the Court subsequent to his deportation and as an alien convicted of a controlled substance offense, he would be precluded from re-entry. Id. at *5. See also Knight v. Murray, No. 97 Civ. 6908(JGK),

3

1999 WL 493371, *1 (S.D.N.Y. July 12, 1999)("Numerous courts have held that a petitioner who is deported to another country cannot, as a matter of law, suffer from the types of adverse collateral consequences that render an application for habeas corpus moot.").

In United States v. Erdil, 351 F.Supp.2d 58 (E.D.N.Y. 2005), the Court noted that being permanently barred from re-entry to the United States could be a collateral consequence that would prevent a petitioner's habeas petition from being mooted. However, the Court noted that in that case, the petitioner was only challenging his sentence and not the fact of his conviction. The Court observed that it would be the conviction, not the length of the sentence that would bar petitioner from re-entry. Therefore, the Court found that the sentencing cooperation issue was moot. Id. at 61-62.

In the instant case, Rodriquez-Munoz also is not challenging his conviction. He pled guilty to illegally re-entering the United States after previously being deported for the commission of an aggravated felony. The issues that he raised in his § 2255 motion include: 1) ineffective assistance of counsel for failing to file an appeal; 2) violation of equal rights because he is not eligible for placement in a half-way house or six months credit on his sentence; 3) double jeopardy - because his previous offense was used in calculating his criminal history category and also to enhance his sentence; and 4) prior invalid sentence - because the Sentencing Guidelines were found unconstitutional in 2005, it is illegal to use that prior conviction and sentence as a sentencing enhancement. All of these issues relate to the length of his sentence and not to his conviction. Accordingly, the Court finds that because Rodriquez-Munoz has been

deported and will not suffer any adverse collateral consequences from the length of his sentence, his § 2255 motion fails to satisfy the case or controversy requirement and is therefore moot.

## IV.  CONCLUSION

For the reasons stated above, the Court hereby **DENIES** as **MOOT** Rodriquez-Munoz's § 2255 petition (Doc. # 1).


Date:  03/30/10　　　　　　　　　　　　**S/ FERNANDO J. GAITAN**, **JR.**
Kansas City, Missouri　　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　　Chief United States District Judge